

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–13–776

|  |  |  |  |
|---|---|---|---|
|  |  |  | **Opinion Delivered** June 18, 2014 |
| MICHAEL A. DAVIS | | | APPEAL FROM THE CRITTENDEN |
| | APPELLANT | | COUNTY CIRCUIT COURT |
| | | | [NO. CR–2010-1603] |
| V. | | | |
| | | | HONORABLE JOHN N. |
| | | | FOGLEMAN, JUDGE |
| STATE OF ARKANSAS | | | |
| | APPELLEE | | AFFIRMED; MOTION TO |
| | | | WITHDRAW GRANTED |

**ROBIN F. WYNNE, Judge**

Michael Davis appeals from the revocation of his probation by the Crittenden County Circuit Court. Pursuant to *Anders v. California*, 386 Ark. 738 (1967), and Arkansas Supreme Court and Court of Appeals Rule 4-3(k) (2013),[1] his counsel has filed a motion to withdraw accompanied by a no-merit brief that purports to list all rulings adverse to appellant at the revocation hearing and explain why there are no non-frivolous issues for appeal. We affirm and grant the motion to withdraw.

In May 2011, appellant entered a negotiated plea of guilty to a charge of forgery in the second degree. He was sentenced to thirty-six months' probation. He was also ordered to pay fines, fees, and court costs. On April 30, 2012, the State filed a petition to revoke

---

[1]In his brief, appellant's counsel cites Rule 4-3(j). We remind counsel that the proper subsection is now Rule 4-3(k).

SLIP OPINION

appellant's probation in which it alleged that he violated the terms and conditions of his probation by (1) failing to pay fines, costs, and fees as ordered; (2) failing to report to probation as directed; (3) failing to pay probation fees; (4) failing to notify the sheriff and his probation officer of his current address and employment; (5) departing from his approved residence without permission; and (6) failing to satisfy supervision fees by community service.

At the hearing on the State's petition, Amy Peyton with the Crittenden County Sheriff's Office testified that appellant had made no payments toward his fines and costs. Mary Marshall, appellant's probation officer, testified that appellant failed to report in August, November, and December of 2011. Appellant also failed to report from January 2012 through February 2013. According to Ms. Marshall, appellant also owed supervision fees, was unemployed, and did not reside at the address he had listed. Appellant testified that he did not report because he had been using marijuana and had been in an abusive relationship. He also testified that he had not worked at all since being placed on probation.

At the conclusion of the hearing, the trial court found by a preponderance of the evidence that appellant failed to report to his probation officer as directed. Appellant was sentenced to three years' imprisonment in the Arkansas Department of Correction. This appeal followed.

A request to withdraw on the ground that the appeal is wholly without merit shall be accompanied by a brief including an abstract and addendum. Ark. Sup. Ct. R. 4–3(k)(1) (2013). The brief shall contain an argument section that consists of a list of all rulings adverse to the defendant made by the circuit court on all objections, motions and requests made by

either party with an explanation as to why each adverse ruling is not a meritorious ground for reversal. *Id*. The abstract and addendum of the brief shall contain, in addition to the other material parts of the record, all rulings adverse to the defendant made by the circuit court. *Id*. Appellant was provided with a copy of counsel's motion and brief and was informed of his right to submit pro se points for reversal in accordance with Rule 4–3(k)(2). Appellant did not file pro se points for reversal. After thoroughly reviewing the record in this matter, as well as the brief filed by counsel, we agree with counsel that any appeal from the sentencing order would be without merit and hold that counsel has complied with Rule 4–3(k).

Affirmed; motion to withdraw granted.

HIXSON and BROWN, JJ., agree.

*Shaun Hair*, for appellant.

No response.